UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

---

MEIJER DISTRIBUTION, INC., a Michigan corporation,

      Plaintiff,

v.

TAYLOR TRUCK LINE, INC., a Minnesota corporation,

      Defendant.

Case No.  26-cv-1490

Hon.

**COMPLAINT**

---

Kyle P. Konwinski (P76257)
Kylee R. Nemetz (P85425)
VARNUM LLP
*Attorneys for Plaintiff*
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
kpkonwinski@varnumlaw.com
krnemetz@varnumlaw.com

---

Plaintiff, Meijer Distribution, Inc. ("Meijer"), through its counsel, Varnum LLP, hereby states for its Complaint against Defendant, Taylor Truck Line, Inc. ("Taylor Truck") as follows:

**NATURE OF ACTION**

1. Meijer contracts with Taylor Truck to transport and deliver goods that Meijer ultimately sells at its stores. To facilitate this transportation, Meijer and Taylor Truck entered into contractual agreements outlining the rights and obligations of each party.

2. One of Taylor Truck's obligations under those agreements is to deliver goods to Meijer. If Taylor Truck fails to do so, the Carmack Amendment, 49 U.S.C. § 14706, makes Taylor Truck strictly liable to Meijer for the lost goods.

3.    Another obligation of Taylor Truck under the parties' agreements is that Taylor Truck is prohibited from subcontracting other carriers to transport and deliver the goods.  If Taylor Truck breaches that provision, Taylor Truck is liable to Meijer for all losses arising out of the subcontracting.

4.    In March 2025, Taylor Truck subcontracted three other carriers to transport and deliver three shipments of LEGOs from Texas to Meijer's distribution center in Michigan. However, those loads were lost and were never delivered to Meijer.  Taylor Truck is therefore strictly liable under the Carmack Amendment and Taylor Truck also breached the parties' agreements.

5.    Despite Taylor Truck's breaches and failure to deliver the goods, Taylor Truck improperly denied Meijer's claim for Taylor Truck to pay for the value of the lost LEGOs, which Meijer still had to pay to LEGO.

6.    Taylor Truck's failure to deliver the LEGOs and subcontracting of other carriers caused Meijer damages under the Carmack Amendment and Michigan common law.

## PARTIES, JURISDICTION, AND VENUE

7.    Plaintiff, Meijer, is a Michigan corporation with its principal place of business located at 2929 Walker Avenue, NW, Grand Rapids, Michigan 49544.

8.    Defendant, Taylor Truck, is a Minnesota corporation with its principal place of business located at 801 Highway 3 North, Northfield, Minnesota 55057.

9.    This Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 because one of Meijer's claims arises under 49 U.S.C. § 14706, the Carmack Amendment, a statute of the United States.

10.     Moreover, pursuant to 28 U.S.C. § 1337(a), this Court has original jurisdiction over this matter because it involves a federal question arising out of 49 U.S.C. § 14706 and the amount in controversy for each bill of lading, exclusive of interest and costs, exceeds $10,000.

11.     This Court also has supplemental jurisdiction over Meijer's state-law breach-of-contract claim under 28 U.S.C. § 1367(a) because that claim and the federal Carmack claim arise out of a common nucleus of operative fact and give rise to the same case or controversy.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Taylor Truck, a nationwide carrier company, conducts significant business in the Western District of Michigan so that this Court has personal jurisdiction over Taylor Truck, and venue is also proper under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claim—including the entry into the relevant agreements and the failure to complete the delivery—occurred in the Western District of Michigan.

## GENERAL FACTUAL ALLEGATIONS

### A.  The Parties' Agreements

13.     Meijer contracts with many logistics carriers to pick up and deliver goods to Meijer that Meijer has ordered and intends to sell to customers.

14.     Meijer entered into a Master Transportation Services Agreement with Taylor Truck (the "Master Agreement").

15.     Under the Master Agreement, Michigan law governs all disputes arising out of the Agreement.

16.     Generally, the Master Agreement provided that Meijer would utilize Taylor Truck's transportation services, and it formed the basis of the parties' contractual relationship.

3

17. Importantly, the Master Agreement also incorporated the parties' Motor Carrier Addendum ("the Addendum"), which sets forth additional terms and conditions. Together, these contracts form the parties' agreement.

18. In the Addendum, Taylor Truck agreed to transport and deliver shipments to Meijer's desired location.

19. Under the Addendum, Taylor Truck had the sole and exclusive care, custody and control of the goods from the time they are delivered for transportation until delivery to Meijer's identified destination.

20. Pursuant to the contract, if Taylor Truck failed to deliver the shipment, Taylor Truck is liable to Meijer for actual loss, damage or injury to the goods, measured by the actual replacement cost to Meijer of the goods, plus any paid freight charges.

21. Under the Addendum, Taylor Truck is liable for any cause of loss while the goods are in the possession or under the control of Taylor Truck, except when Meijer's sole negligence caused the lost or damaged goods.

22. To decrease the likelihood of lost or stolen shipments, the parties specifically included a no-subcontracting clause in the Addendum. The no-subcontracting clause provides that Taylor Truck is not permitted to subcontract other motor carriers or brokers any shipments made pursuant to the Master Agreement.

23. Under the agreement, if Taylor Truck breached the contract by subcontracting with another carrier, Taylor Truck is liable to Meijer for any loss or damage arising from or related to the shipment. And in such circumstances, Taylor Truck agreed not to charge Meijer for any freight or other charges it would have invoiced Meijer for the transportation of the shipment had Taylor Truck transported the freight on its own equipment.

24.     Under the Addendum, if Taylor Truck uses another carrier for any portion of any shipment without the prior authorization of Meijer, Taylor Truck is in material breach of the Master Agreement.

25.     Meijer never authorized Taylor Truck to subcontract.

26.     At all times relevant to this case, both the Master Agreement and the Addendum were in effect.

**B.  Taylor Truck's Failure to Deliver and Subcontracting**

27.     After the parties entered into the Master Agreement and Addendum, Taylor Truck began transporting loads of various goods for Meijer.

28.     In March 2025, Meijer hired Taylor Truck to transport three separate loads of LEGO toys from Fort Worth, Texas, to a Meijer distribution center in Lansing, Michigan, in accordance with the Master Agreement and Addendum.

29.     To facilitate those shipments, Taylor Truck, the receiving carrier, issued to Meijer three bills of lading naming Taylor Truck as the carrier and a Meijer distribution center as the destination.

30.     Unbeknownst to Meijer, and in violation of the bills of lading and Addendum, Taylor Truck subcontracted three other carriers—A Safe Courier LLC, Ruth Transport, Inc., and Dynamic Cargo, Inc.—to complete the deliveries.

31.     After each subcontracted carrier picked up the loads, which were complete and in good condition, the loads were never delivered to the intended destination.

32.     Upon information and belief, it is likely the drivers of the subcontracted companies were involved in a scheme to steal the LEGOs.

33.    In an email to Meijer, Taylor Truck acknowledged and informed Meijer that Taylor Truck failed to deliver the LEGO shipments.

34.    The value of each lost or stolen load of LEGOs was worth between $120,000 and $240,000.  In total, the value of the three stolen shipments was $586,486.50.  Meijer paid this amount to LEGO despite never receiving the shipments.

35.    Based on Taylor Truck's failure to deliver the loads, Meijer submitted a timely claim to Taylor Truck to pay for the value of the lost loads, or $586,486.50 in total.  The claim identified the purchase order numbers, invoice numbers, invoice dates, bills of lading, and value of each lost shipment, and it attached all the bills of lading.

36.    On July 29, 2025, Taylor Truck improperly denied Meijer's claim because Meijer never paid Taylor Truck for the three lost shipments.  Of course, Meijer was not going to pay Taylor Truck for services that Taylor Truck never performed, and the fact that Taylor Truck breached the parties' agreements and caused substantial loss to Meijer in doing so made payment unnecessary.

37.    To date, Taylor Truck has refused to pay Meijer for the lost shipments of LEGOs.

### COUNT I: CARMACK AMENDMENT CLAIM, 49 U.S.C. § 14706

38.    Meijer incorporates by reference all the allegations contained in the preceding paragraphs as if fully set forth herein.

39.    Meijer contracted with Taylor Truck to transport and deliver to Meijer goods transported in interstate commerce: three shipments of LEGO toys from Fort Worth, Texas, to Lansing, Michigan.

40.     Taylor Truck issued three separate bills of lading to Meijer that named Taylor Truck as the carrier and Meijer as the destination; thus, Taylor Truck is the receiving carrier and Meijer is entitled to recovery under the bills of lading.

41.     Taylor Truck's subcontracted carriers picked up the three loads of LEGOs in good condition.

42.     Sometime during transportation, the loads were stolen or lost, and they were never delivered to Meijer.

43.     Taylor Truck negligently failed to deliver the shipments of LEGOs, and its failure to deliver the loads was not caused by an act of God, an act of terrorism or war, an act of Meijer, an act of public authority, or the inherent vice or nature of the goods.

44.     Despite never receiving the LEGOs, Meijer still paid LEGO $586,486.50 for the stolen or lost LEGOs.

45.     Meijer timely filed a claim with Taylor Truck, asserting Taylor Truck's liability to pay for the value of the stolen loads and sufficiently identifying the shipments and amount of loss.

46.     Taylor Truck improperly denied that claim on July 29, 2025.

47.     As a direct and proximate result of Taylor Truck's failure to deliver the shipments in good condition, Meijer has sustained damages, including the value of the actual loss or injury of the shipments.

48.     Meijer is entitled to recover damages as provided in 49 U.S.C. § 14706.

## COUNT II: BREACH OF CONTRACT

49.     Meijer incorporates by reference all the allegations contained in the preceding paragraphs as if fully set forth herein.

50. Meijer and Taylor Truck entered into the Master Agreement and Addendum, which were effective at the time Taylor Truck was obligated to transport and deliver the three loads of LEGOs.

51. The Addendum prohibited Taylor Truck from subcontracting other carriers to perform its obligations under the Master Agreement.

52. In breach of these agreements, Taylor Truck subcontracted three other carriers—A Safe Courier LLC, Ruth Transport, Inc., and Dynamic Cargo, Inc.—to complete the deliveries of the three loads of LEGOs referenced herein.

53. Because Taylor Truck subcontracted its contractual obligations, Taylor Truck is liable to Meijer for all losses and damages arising out of the transportation of the shipments that it subcontracted under the Addendum.

54. The three LEGO shipments were stolen or lost while they were in the subcontractors' possession, causing Meijer damages due to Taylor Truck's subcontracting.

55. Meijer is entitled to recover damages for the losses arising out of Taylor Truck's subcontracting.

## **PRAYER FOR RELIEF**

WHEREFORE, Meijer respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. An award of money damages in favor of Meijer for the losses or injuries caused by Taylor Truck's breaches of contract and the Carmack Amendment;

B. All costs incurred in collecting the amounts due, including, without limitation, Meijer's actual attorneys' fees incurred in attempting to collect the amounts due; and

C. Such other and further relief as the Court deems just and equitable.

9

Respectfully submitted,

VARNUM LLP
*Attorneys for Plaintiff*

Date: May 6, 2026

By:  ___*/s/ Kyle P. Konwinski*___
        Kyle P. Konwinski (P76257)
        Kylee R. Nemetz (P85425)
Address, Telephone, and Email:
        P.O. Box 352
        Grand Rapids, MI 49501-0352
        (616) 336-6000
        kpkonwinski@varnumlaw.com
        krnemetz@varnumlaw.com

29051573.2